JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Stephen J. Burlingame

## DEFENDANTS
Martien Eerhard, Trustee, & Real Gallant

**(b)** County of Residence of First Listed Plaintiff: North Chatham, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Pawtucket, RI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William E. Murray, Gordon & Rees LLP, 95 Glastonbury Boulevard, Glastonbury, CT 06033; (860) 278-7448

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Action on promissory note and guaranty

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 181,724.43

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/09/2012

SIGNATURE OF ATTORNEY OF RECORD: *William E. Murray*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN J. BURLINGAME,<br>    Plaintiff, | :    C.A. NO. |
| V. | : |
| MARTIEN EERHARD, as Trustee of the Atwells Avenue Trust, AND REAL GALLANT<br>    Defendants. | :<br>:<br>:<br>:    JANUARY 9, 2012 |

## COMPLAINT

The plaintiff, Stephen J. Burlingame, as and for his complaint against the defendants, Martien Eerhard, as Trustee of the Atwells Avenue Trust, and Real Gallant, hereby alleges as follows:

### I.    PARTIES.

1. The plaintiff, Stephen J. Burlingame ("Burlingame"), is an individual, who is a resident of the Commonwealth of Massachusetts with an address of 148 Landing Lane, North Chatham, Massachusetts 02650.

2. Defendant, Real Gallant ("Gallant"), is an individual, who is a resident of Connecticut who resides at 475 Pomfret Road, Brooklyn, CT 06234 and has an office at 41 Providence Road, Brooklyn, Connecticut 06234.

3. Defendant Martien Eerhart ("Eerhart"), is an individual, who is a resident of Rhode Island with an address of 1352 Newport Avenue, Pawtucket, Rhode Island 02861.

HFD 224647.3

4. Eerhart is or was, at all relevant times, the trustee of the Atwells Avenue Trust (the "Trust"), and Eerhart is sued in this matter solely in his capacity as trustee of the Atwells Avenue Trust.

## II. JURISDICTION AND VENUE.

5. Jurisdiction in this Court is proper pursuant to 28 *U.S.C.* § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Venue is proper pursuant to 28 *U.S.C.* § 1391 because one of the defendants resides in Connecticut, a substantial part of the events or omissions giving rise the claims set forth herein took place in Connecticut, and/or both defendants are subject to personal jurisdiction in this judicial district.

## III. COUNT ONE (Breach of Promissory Note – Burlingame v. Eerhart, as Trustee)

6. The allegations of paragraphs 1 through 5 above are hereby incorporated herein by reference.

7. On or about January 9, 2008, the Trust became indebted to Burlingame in the principal amount of One Hundred Twenty Five Thousand and 00/100 Dollars ($125,000.00) (the "Loan"). The Loan is evidenced by a certain *Term Note* dated January 9, 2008 by and between Eerhart, as trustee for and on behalf of the Trust, and Burlingame in the original principal amount of One Hundred Twenty Five Thousand and 00/100 Dollars ($125,000.00). A true and accurate copy of the *Note* is attached hereto as **Exhibit A** and incorporated herein by reference.

8. Under the terms of the *Note*, the Trust was obligated to pay four consecutive installments of interest only in the amounts and on the dates set forth in the *Note*, with the entire principal becoming due on or before the maturity date of April 30, 2008.

9. Burlingame is the owner and holder of the *Note*.

10. The Trust, is in breach of its obligations under the *Note* as a result of its failure to pay in full the monthly interest installments due thereunder when due and his failure to pay the principal on the maturity date.

11. The maturity date has passed and any and all amounts then due and owing under the *Note* have been and are due and owing plus interest as set forth in the *Note*. As of December 30, 2011, the following amounts are due and owing under the *Note*: $125,000.00 in principal and $56,724.43 in interest. Interest continues to accrue under the terms of the *Note* at a rate of approximately $51.37 per day.

12. Additionally, Burlingame, has incurred, and will continue to incur, attorneys' fees, costs and other expenses for which the Trust is liable under the *Note*.

IV. **COUNT TWO (Breach of Guaranty – Burlingame v. Gallant)**

13. The allegations of paragraphs 1 through 11 above are hereby incorporated herein by reference.

14. As security for and in order to induce Burlingame to make the Loan and to enter into the *Note*, Gallant executed the *Note* as guarantor, unconditionally guaranteeing the amounts due and payable under the *Note*.

15. As a result of the Trust's aforementioned breach of the *Note*, Burlingame has incurred and continues to incur damage.

16. Gallant is jointly and severally liable under the *Note* for any and all damages sustained by Burlingame.

WHEREFORE, Burlingame claims:

1. Actual damages;

2. Interest;

3. Costs and attorneys' fees;

4. Any other relief, legal or equitable, that the Court may deem appropriate.

Dated at Glastonbury, Connecticut, this 9th day of January, 2012.

PLAINTIFF,
STEPHEN J. BURLINGAME

BY _____
William E. Murray (ct19717)
Gordon & Rees LLP
95 Glastonbury Boulevard
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
wmurray@gordonrees.com

His Attorneys

//10812103v.3