**EXHIBIT A**

MAR-11-2010  16:14        JACKSON HARRIS BURL HUBER           860 774 5784      P.02

## TERM NOTE

$125,000                                                                 January 09, 2008

For value received, the undersigned ("Borrower"), jointly and severally, promises to pay to Stephen J. Burlingame, ("Lender"), or order, the principal amount of One Hundred Twenty-Five Thousand and 00/100 ($125,000) Dollars on or before April 30, 2008 ("Maturity"), in Four (4) consecutive monthly installments of interest only, as follows: $1,562.50 on January 30, 2008, and the same amount on the same day of each month thereafter until this Note is fully paid, with interest from the date hereof on the said principal balance from time to time outstanding at a per annum rate equal to fifteen (15.00%) percent payable monthly in arrears on the thirtieth (30th) day of each month. Both parties acknowledge that a so-called balloon payment will be due upon Maturity.

Payments shall be payable at Lender's main office of 245 Main Street, Danielson CT 06239 in lawful money of the United States of America without set-off, deduction or counterclaim. This Note may be prepaid in whole or in part without penalty.

At the option of the holder, this Note shall become immediately due and payable without notice or demand upon the occurrence at any time of any of the following events of default: (1) default of any liability, obligation or undertaking of the Borrower, hereunder or otherwise, including failure to pay in full and when due any installment of principal or interest; (2) the death of the Borrower or of any endorser or guarantor hereof; (3) the institution by or against the Borrower or any endorser or guarantor hereof of any proceedings under the bankruptcy Code 11 USC §101 et seq. or any other law in which the Borrower or any endorser or guarantor hereof is alleged to be insolvent or unable to pay their respective debts as they mature or the making by the Borrower or endorser or guarantor hereof of an assignment for the benefit of creditors or the granting by the Borrower or endorser or guarantor hereof of a trust mortgage for the benefit of creditors; (4) the service upon the holder hereof of a writ in which the holder is named as trustee of the Borrower or of any endorser or guarantor hereof; or (5) the occurrence of an event of default under or the termination for any reason of the mortgage on Atwells Avenue, Providence, securing this Note or of any other instrument delivered to the Lender evidencing or securing this Note.

Any payments received by the Lender on account of this Note prior to demand shall be applied first, to any costs, expenses, or charges then owed to the Lender by the Borrower, second, to accrued and unpaid interest hereof, and third, to the unpaid principal balance hereof. Any payments so received after demand shall be applied in such manner as the Lender may determine.

The Borrower represents to the Lender that the proceeds of this Note will not be used for personal, family, or household purposes.

No delay or omission on the part of the holder in exercising any right hereunder shall operate as a waiver of such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The Borrower and every other maker and every endorser or guarantor of this Note, regardless of the time, order or place of signing, waives presentment, demand, protest and notices of every kind and assents to any extension or postponement of the time of payment or any other indulgence, to any substitution, exchange or release of collateral, and to the addition or release of any other party or person primarily or secondarily liable. The Borrower and each endorser and guarantor of this Note waive any rights to any homestead exemptions on record as of the date of this Note.

The Borrower and each endorser and guarantor of this Note agree to pay, upon demand, costs of collection of the principal and interest of this Note, including without limitation reasonable attorneys' fees. If any payment due under this Note is unpaid for Ten (10) days or more after the due date thereof, the Borrower shall pay, in addition to any other sums due under this Note, a late charge equal to Five (5%) percent of the amount of such payment.

This Note shall be binding upon the Borrower and upon his respective heirs, successors, assigns, and representatives, and shall inure to the benefit of the Lender and his heirs, and assigns.

The liabilities of the Borrower and any endorser or guarantor of this Note are joint and several; provided, however, the release by the Lender of the Borrower or any one or more endorser or guarantor shall not release any other person obligated on account of this Note.

A photographic or other reproduction of this Note may be made by the Lender, and any such reproduction shall be admissible in evidence with the same effect of the original itself in any judicial or administrative proceeding whether or not the original is in existence.

EACH BORROWER, ENDORSER AND GUARANTOR AND LENDER EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS NOTE, THE OBLIGATIONS, IN ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH. EACH BORROWER, ENDORSER AND GUARANTOR CERTIFIES THAT NEITHER THE LENDER NOR ANY OF HIS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE LENDER WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

This Note is delivered to the Lender at its offices in Connecticut, shall be governed by the laws of The State of Rhode Island, and shall take effect as a sealed instrument.

WITNESS:                                    MAKER:

_____                    _____
                                            Real Gallant, Personal Guarantor

                                            _____
                                            Martien Eerhart, Personal Guarantor

                                            Atwells Avenue Trust

                                            By: _____
                                            Martien Eerhart, its Trustee

3