## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN J. BURLINGAME,<br>*Plaintiff,* | : | No. 3:12-CV-00041 (SRU) |
| | : | |
| v. | : | |
| | : | |
| MARTIEN EERHARD, and<br>REAL GALLANT,<br>*Defendants.* | : | MARCH 18, 2013 |
| | : | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES AND TO DISMISS OR IN THE ALTERNATIVE TO STRIKE DEFENDANT'S SETOFF CLAIM

The Atwells Avenue Trust (the "Trust") promised to repay a debt it owed the plaintiff, Stephen J. Burlingame. Real Gallant personally guaranteed that promise. The Trust has now failed to repay Burlingame as promised. Accordingly, Burlingame is entitled to recover his money from Gallant.

Gallant attempts to escape his personal obligation to guarantee the Trust's debt by asserting special defenses. Gallant's special defenses fail to satisfy the requirements of the Federal Rules of Civil Procedure. Accordingly, they must be stricken.

Gallant also asserts a setoff claim against Burlingame based on fraudulent inducement. A setoff claim cannot be maintained without a mutual, liquidated debt. There is no such debt here, and the claim is time-barred in any event. Accordingly, it must be dismissed or, in the alternative, stricken.

## I.   BACKGROUND

On January 9, 2008, the Trust promised to pay $125,000 to Burlingame "on or before April 30, 2008," and evidenced that promise by executing a $125,000 promissory note in

Burlingame's favor (the "Note"). Doc. # 1-1. The Note specifies all material terms of the loan transaction. *See id.* For instance, it expressly provides that "[t]he liabilities of the Borrower and any endorser or guarantor of this Note are joint and several[.]" Doc. # 1-1, p. 3. It further provides that "[t]he Borrower and each endorser and guarantor of this Note agree to pay, upon demand, costs of collection of the principal and interest of this Note, including without limitation reasonable attorneys' fees." Doc. # 1-1, p. 3.

Martien Eerhart, as Trustee, signed the Note as "Borrower" on the Trust's behalf, and separately signed the Note as "Personal Guarantor." Doc. # 1-1, p. 4. Gallant also signed the Note as "Personal Guarantor." Doc. # 1-1, p. 4; doc. # 17, ¶ 11. Gallant consulted Attorney Samuel P. Reef of Brockton, Massachusetts, with respect to this particular loan transaction.

The Trust has now failed to pay the Note as agreed. Doc. # 8-4, ¶ 5. Accordingly, under Rhode Island law,[1] Burlingame is now entitled to recover his money from Gallant. *See* Doc. # 8-1, pp. 3-5. On January 9, 2012, Burlingame brought this action against Eerhart and Gallant to recover the sums due and payable under the Note. Doc. # 1.[2]

On July 13, 2012, Gallant brought two counterclaims against Burlingame. Doc. # 11, pp. 2-6. Specifically, Gallant explained that he believed that Burlingame was acting as his attorney with respect to the particular loan transaction at issue. Doc. # 11, pp. 2, 5. On that basis, Gallant alleged that Burlingame: (1) violated Rule 1.8 of Connecticut's Rules of Professional Conduct and "the standard of care applicable to attorneys in Connecticut"; and (2) fraudulently induced him to sign the Note. Doc. # 11, pp. 2-6.

---

[1] The Note provides that it "shall be governed by the laws of The State of Rhode Island[.]" Doc. # 1-1, p. 3. Connecticut's courts give "effect to an express choice of law by the parties to a contract provided that it was made in good faith." *Elgar v. Elgar*, 238 Conn. 839, 848 (1996).

[2] The Complaint asserts the following claims: (1) Breach of Promissory Note against Eerhart in his capacity as Trustee (Count One); and (2) Breach of Guaranty against Gallant (Count Two). Doc. 1, ¶¶ 6-16.

2

On February 26, 2013, this Court granted Burlingame's motion to dismiss each of Gallant's counterclaims with prejudice. *See* doc. # 37.  This Court permitted Gallant to replead his fraudulent inducement counterclaim as an affirmative defense, but required that such defense be pled with particularity.

On March 12, 2013, Gallant filed an amended answer which (1) asserted fraudulent inducement as a special defense; (2) asserted the special defense that the Note was executed as the result of undue influence and violation of a position of trust; and (3) brought a counterclaim for setoff against Burlingame.  Doc. # 39, pp. 1-6.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Burlingame now respectfully moves for an order striking both of Gallant's special defenses as they do not satisfy the requirements upon which they must be pled, and are thus insufficient.

Additionally, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Burlingame moves for an order dismissing Gallant's setoff claim for failure to state any claim upon which relief can be granted.  In the alternative, Burlingame moves for Gallant's setoff claim to be stricken as it is insufficient under Rule 12(f).

## II.   GOVERNING STANDARDS

### A.   *Legal Standard for Striking an Affirmative Defense Under Rule 12(f)*

Pursuant to Rule 12(f), a court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a party's pleading.  Fed.R.Civ.P. 12(f).  Motions to strike affirmative defenses are disfavored and a court should deny a motion if there are disputed questions of fact or law. *See Salcer v. Envicon Equities Corp.,* 744 F.2d 935, 938 (2d Cir. 1984), *vacated on other grounds,* 478 U.S. 1015 (1986).

Nevertheless, an affirmative defense "that would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *MTA Metro-N. R.R. v. Buchanan Marine, L.P.*, CIV. 3:05CV881(PCD), 2006 WL 3544936 at *3 (D. Conn. Dec. 8, 2006) (attached as **Exhibit A**) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1381, 665 (2d ed.1990)). Indeed, a court "should strike the disputed matter if it is 'irrelevant under any state of facts which could be proved in support' of the claims being advanced." *Etienne v. Wal-Mart Stores, Inc.*, 197 F.R.D. 217, 219-20 (D. Conn. 2000), *quoting Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*, 657 F.Supp. 136, 144 (E.D.N.Y.1987). When an affirmative defense "is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *Etienne*, 197 F.R.D. at 220, *quoting FDIC v. Eckert Seamans Cherin & Mellott*, 754 F.Supp. 22, 23 (E.D.N.Y.1990).

**B.    *Legal Standard for Dismissing a Claim Under Rule 12(b)(6)***

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and

*Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

## III. ANALYSIS

### A. Gallant's special defenses must be stricken

#### i. *Fraud is insufficiently pled*

Gallant's first special defense of fraudulent inducement is insufficiently pled under Rule 9(b) of the Federal Rules of Civil Procedure. In Rhode Island, "[t]o establish a *prima facie* fraud claim, the plaintiff must prove that the defendant made a false representation intending thereby to induce plaintiff to rely thereon and that the plaintiff justifiably relied thereon to his or her damage." *Parker v. Byrne*, 996 A.2d 627, 634 (R.I. 2010). Rule 9(b), in turn, provides that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (citation and quotation marks omitted). Indeed, the Second Circuit has explained that "[a]lthough malice, intent, knowledge and other condition of mind of a person may be averred generally [under Rule 9(b)], this leeway is not a license to base claims of fraud on speculation and conclusory allegations. Plaintiffs must allege facts that give rise to a strong inference of fraudulent intent, which may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that

5

constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* (citations and quotation marks omitted).

On February 26, 2013, this Court granted Burlingame's motion to dismiss Gallant's counterclaim of fraudulent inducement. *See* Doc. # 37. This Court permitted Gallant the opportunity to replead his counterclaim of fraudulent inducement as an affirmative defense, but required that such defense be pled with particularity.

Despite the clear instructions of this Court, Gallant makes no effort to satisfy the particularity requirements of 9(b) in his first special defense of fraudulent inducement. Indeed, *the entirety* of Gallant's first special defense is no more than the conclusory allegation that "[t]he underlying Note and the Guaranty were obtained by way of Fraudulent Inducement and are void or voidable as a matter of law." Doc. #39 p. 1. Gallant does not make the slightest attempt to detail any fraudulent statements as required under 9(b). Accordingly, Gallant can not satisfy any of the other requirements of 9(B): he can not identify the speaker of any fraudulent statements, where or when such statements were made, or explain why such statements are fraudulent.

For these reasons, the fraudulent inducement defense lacks any legal or factual basis and would create undue expense and delay. As such, Gallant's first special defense should be stricken, with prejudice, and he should be precluded from attempting to replead it.

ii.    *Undue Influence / Violation of Trust is insufficiently pled*

Gallant does not allege and cannot show that, due to the alleged actions of Burlingame, he suffered from undue influence or a violation of trust. In Connecticut, "[u]ndue influence is the exercise of sufficient control over a person, whose acts are brought into question, in an attempt to destroy his free agency and constrain him to do something other than he would do

under normal control" *Gengaro v. City of New Haven,* 118 Conn. App. 642, 649 (2009), *quoting Pickman v. Pickman,* 6 Conn.App. 271, 275 (1986).[3]

There are generally considered to be four elements of undue influence: "(1) a person who is subject to influence; (2) an opportunity to exert undue influence; (3) a disposition to exert undue influence; and (4) a result indicating undue influence." *Gengaro,* 118 Conn. App. at 650, *quoting Pickman,* 6 Conn.App. at 275. Other relevant factors include the "age and physical and mental condition of the one alleged to have been influenced, whether he had independent or disinterested advice in the transaction . . . consideration or lack or inadequacy thereof for any contract made, necessities and distress of the person alleged to have been influenced . . . active solicitations and persuasions by the other party, and the relationship of the parties." *Id.*

Gallant has failed to show any of the elements identified above existed with respect to the Note. Indeed, Gallant sough personal counsel from Attorney Samuel P. Reef, whose office is located at 4 Main Street, Brockton, Massachusetts 02301, with respect to this particular loan transaction. Further, the Note itself unambiguously sets forth all material terms of the loan transaction, including Burlingame's role with respect to the transaction. *See* Doc. # 1-1. Gallant signed the Note as "Personal Guarantor" and he admits that he personally signed the Note. *See* Doc. # 1-1; Doc. # 11, ¶ 1; Doc. # 17, ¶ 11. Thus, his claims of undue influence are insincere.

Further, Gallant has not shown that Burlingame occupied a position of trust, let alone that there was a violation of such position. Under Connecticut law, a fiduciary relationship is "characterized by a unique degree of trust and confidence between the parties, one of whom has a superior knowledge, skill or expertise and is under a duty to represent the interests of the

---

[3] Similarly, Rhode Island considers undue influence to be the "substitution of the will of the dominant party for the free will and choice of the subservient party." *Tinney v. Tinney,* 770 A.2d 420, 437-38 (R.I. 2001), *quoting Caranci v. Howard,* 708 A.2d 1321, 1324 (R.I.1998).

other." *Dunham v. Dunham,* 204 Conn. 303, 322 (1987).  No such relationship existed between Gallant and Burlingame.

The allegations accompanying the second special defense are likewise facially implausible.  Gallant states that his "execution of the documents was not in [his] best interests and were designed solely to benefit [Burlingame], who was in a position of trust . . ."  The lack of benefit flowing from the execution of a guaranty for the debts of another does not give rise to a cause of action.  To the contrary, Rhode Island law expressly provides that "[t]he obligation of an accommodation party may be enforced . . . whether or not the accommodation party receives consideration for the accommodation." R.I. Gen. Laws § 6A-3-419(b).

Gallant also asserts that Burlingame "was engaging in a business relationship with a client and failed to provide the warnings required by the Rules of Professional Responsibility." Doc. #39, p. 2.  Gallant has previously conceded that "a violation of the Rules of Professional Responsibility do not, in and of themselves, create a cause of action . . . ."  Doc. # 34, p. 4 n.1; *see also id.*, p. 7.[4]  Accordingly, Gallant's second special defense, to the extent it is directly premised on Burlingame's alleged violation of Rule 1.8, must be stricken.[5]

**B.      Gallant's setoff claim must be dismissed, or in the alternative, stricken**

*i.      No claim of setoff can be sustained without a mutual and liquidated debt*

The law of setoff is governed by Connecticut General Statutes § 52-139.  That statute provides: "(a) In any action brought for the recovery of a debt, if there are *mutual debts* between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other." (Emphasis added).  Thus, "[a] condition precedent to the

---

[4] On this point, Gallant is correct. *See Biller Assocs. v. Peterken*, 269 Conn. 716, 722 (2004) (explaining that Connecticut's Rules of Professional Conduct "do not give rise to a cause of action."); *Vallinoto v. DiSandro*, 688 A.2d 830, 837-38 (R.I. 1997) (holding the same with regard to Rhode Island's Rules of Professional Conduct).

[5] These allegations were previously dismissed as time barred by this Court on February 26, 2013. *See* Doc. # 37.

application of § 52-139 is that the defendant's claim arise from a debt due by the plaintiff." *Elis v. Rogers*, 15 Conn. App. 362, 365 (1988) (citations omitted). Further, "[i]t is the defendant's burden to demonstrate its right of setoff by affirmatively and adequately alleging such a claim in the pleadings." *Id.* (citations omitted); *see also Dime Savings Bank of N.Y. v. Pignataro*, No. CV-91-0118980, 1992 Conn. Super. LEXIS 3633 at *2 (Dec. 30, 1992) (attached as **Exhibit B**).[6]

In addition, such mutual debt must be liquidated. "A debt is 'liquidated' when 'it is certain what is due and how much is due.'" *Pellegrino v. Wirth*, No. 30-68-07, 1992 Conn. Super. LEXIS 655 at *4 (Mar. 5, 1992) (attached as **Exhibit C**) (quoting Black's Law Dictionary (5th Ed.)). An unliquidated debt cannot be setoff because the ultimate amount of the debt would be unknown, and "no claim for set-off can be made to rest upon such uncertainties." *Gen. Consol., Ltd. v. Rudnick & Sons, Inc.*, 4 Conn. Cir. Ct. 581, 586 (1967).

Here, Gallant immediately fails to meet § 52-139. He makes a claim of setoff for fraudulent inducement, not by reason of any debt. However, no mutual debt exists between Burlingame and Gallant, nor has Gallant alleged such debt. Further, because there is no mutual debt in existence, there is no liquidated debt which could be setoff. Even if there was a mutual debt, Gallant's setoff claim would still be impermissible as he has not set forth a certain or ascertainable sum. *See Pellegrino v. Wirth*, No. 30-68-07, 1992 Conn. Super. LEXIS 655 at *5 (Mar. 5, 1992) (granting motion to strike impermissible setoff where no sum certain alleged). Defendant's setoff claim fails to meet any of the requirements of C.G.S. § 52-139 and thus must be dismissed, or in the alternative, stricken.

---

[6] To the extent that there is any claim that the setoff is being made under Rhode Island law, the law is substantially similar. *See Ins. Co. of N. Am. v. Kayser-Roth Corp.*, C.A. PC 92-5248, 1999 WL 813661 (R.I. Super. July 29, 1999) *aff'd*, 770 A.2d 403 (R.I. 2001) ("The right of setoff allows parties that owe mutual debts to each other to assert the amounts owed, subtract one from the other, and pay only the balance. Implicit in setoff is that the debts being offset are debts running between the same parties . . .") (attached as **Exhibit D**) (*citing Darr v. Muratore*, 8 F.3d 854, 860 (1st Cir.1993)).

### ii.    *Gallant's setoff claim based on fraudulent inducement is insufficiently pled*

Gallant's setoff claim is based on fraudulent inducement.  However, like Gallant's first special defense, it is insufficiently pled under Rule 9(b) of the Federal Rules of Civil Procedure. As stated above, "[t]o establish a *prima facie* fraud claim, the plaintiff must prove that the defendant made a false representation intending thereby to induce plaintiff to rely thereon and that the plaintiff justifiably relied thereon to his or her damage." *Parker v. Byrne*, 996 A.2d 627, 634 (R.I. 2010); *see* Section III(A)(i), *infra*.

Here, Gallant again fails to meet the requirements of Rule 9(b).  His allegations do not give rise to a strong inference of fraudulent intent; they merely make vague references to "misrepresentations" which allegedly took place before, after, and on December 8, 2007.  *See* Doc. # 39, pp. 2-6.  His allegations are not particular as to time or place, and thus are not sufficient under 9(b).

Similar allegations were found insufficient in *Goudis v. Am. Currency Trading Corp.*, 233 F. Supp. 2d 330, 333-34 (D. Conn. 2002).  In that case, plaintiffs alleged that defendants made various misrepresentations during meetings held "[o]n various occasions on and before June 15, 2000 [and] in meetings held in the State of Connecticut on or about June 2000 and on various other occasions . . . ."  The court held that "[v]ague assertions that alleged fraudulent acts occurred within a particular state are not 'particular' under any reasonable definition of that term." *Id.* at 334.  Reasoning that "[n]either complaint contains the dates of specific meetings, nor identifies what was said on each occasion," the court deemed the allegations insufficient under 9(b). *Id; see also Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986).

Here, Gallant makes repeated references to non-specific "misrepresentations" made by Burlingame; he does not allege where the statements were made or explain why such statements

10

were fraudulent. Indeed, Gallant does not even indicate the state in which the alleged misrepresentations took place. Gallant does not otherwise suggest that Burlingame might have deliberately concealed any fact with the intention of inducing his reliance, and does not suggest that he actually relied on the absence of a subsequently discovered fact at the time he signed the Note. *See* Doc. # 39, pp. 2-6. Gallant must do more than say that Burlingame made misrepresentations; he must demonstrate with specificity why and how that is so.

Gallant does not sufficiently explain how any of the statements attributed to Burlingame are false or misleading. Additionally, he cannot satisfy the particularity requirements of 9(b) by making vague references to "misrepresentations" that were made "on and before December 8, 2007." Gallant therefore fails to state with particularity the circumstances constituting fraud as required by Rule 9(b). Accordingly, his setoff claim should be dismissed.

### iii.    The setoff claim is time-barred

Gallant's setoff claim alleges that Burlingame fraudulently induced him to sign the Note by failing to properly specify his role with respect to the transaction. Doc. #39, pp. 2-6. To the extent the setoff claim is asserted as an affirmative claim, it is subject to the three year statute of limitations set forth in Conn. Gen. Stat. § 52-577. *Bridgeport Harbour Place I, LLC v. Ganim*, 131 Conn. App. 99, 175 n.85 (2011) ("Section 52–577 applies to claims based on fraudulent misrepresentation"); *see also Krondes v. Norwalk Sav. Soc.*, 53 Conn. App. 102, 113 (1999).[7]

Any alleged fraud related to the Note cannot have occurred beyond January 9, 2008 — the date Gallant signed the Note as "Personal Guarantor." *See* Doc. # 1-1, p. 2. Gallant therefore had until January 9, 2011 to bring his fraud claim against Burlingame.

---

[7] The Second Circuit has explained that where state law furnishes the cause of action, state law also governs the time at which the action is deemed to have commenced for purposes of measuring the applicable limitations period. *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 709-10 (2002). In Connecticut, a civil action is deemed commenced when the pleading asserting the relevant claim is "served upon the defendant." *Rocco v. Garrison*, 268 Conn. 541, 549 (2004).

Here, Gallant first alleged fraud in his fraud counterclaim on July 13, 2012 — over one year and seven months after the limitations period expired. *See* Doc. # 11. This Court has already ruled once that Gallant's claims of fraudulent inducement are time barred. *See* Doc. # 37. Gallant's vague and ambiguous allegations of misrepresentation "on December 8, 2007 . . . and for a period of years after" can not toll the statute of limitations. Doc. #39, p. 4, ¶ 8. Accordingly, Gallant's counterclaims are time-barred and they must be dismissed.

## IV.    CONCLUSION

Gallant's special defenses fail to satisfy the requirements of the Federal Rules of Civil Procedure. Accordingly, they must be stricken.

Additionally, Gallant's setoff claim against Burlingame can not be sustained without a mutual, liquidated debt. There is no such debt here. Additionally, the setoff claim does not to meet the requirements of the Federal Rules of Civil Procedure, and is time-barred in any event. Accordingly, it must be dismissed or, in the alternative, stricken.

THE PLAINTIFF,
STEPHEN J. BURLINGAME

Dated:  March 18, 2013.

By: _____
William E. Murray (ct19717)
Gordon & Rees LLP
95 Glastonbury Boulevard
Glastonbury, CT 06033
Tel: (860) 278-7448
Fax: (860) 560-0185
wmurray@gordonrees.com

## CERTIFICATION OF SERVICE

I hereby certify that on March 18, 2013, the foregoing was electronically filed and served by mail on anyone unable to receive notice of electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive notice of electronic filing as indicated in the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

William E. Murray