**EXHIBIT A**

2006 WL 3544936
Only the Westlaw citation is currently available.
United States District Court,
D. Connecticut.

MTA METRO-NORTH RAILROAD and
Department of Transportation, State of
Connecticut, Plaintiffs,
v.
BUCHANAN MARINE, L.P. and Neil C. Olson,
Defendants.

Civil No. 3:05cv881 (PCD).  |  Dec. 8, 2006.

**Attorneys and Law Firms**

Charles A. Deluca, John J. Pezzillo, Jr., Michael P. O'Donnell, Ryan, Ryan, Johnson & Deluca, Stamford, CT, for Plaintiffs.

Carl R. Ficks, Jr., William S. Wilson, II., Halloran & Sage, Hartford, CT, for Defendants.

**Opinion**

### RULING ON MOTIONS TO STRIKE

PETER C. DORSEY, District Judge.

*1 Plaintiffs move, pursuant to Federal Rule of Civil Procedure 12(f) and District of Connecticut Local Rule 7(a), to strike counts two and three of Defendants' Amended Counterclaim. Defendant/Counterclaim Plaintiff, Buchanan Marine, L.P., moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike Plaintiff's first, second and third affirmative defenses to Buchanan Marine's Amended Counterclaim, count one. For the reasons stated herein, Plaintiffs' Motion to Strike [Doc. No. 85] is **denied** and Defendant's Motion to Strike [Doc. No. 91] is **granted in part** and **denied in part**.

### I. BACKGROUND
This case arises out of two allisions occurring on April 11, 2004 when a tugboat, the M/V Buchanan 3, came into contact with the west fender of the "Walk Bridge" spanning the Norwalk River in Norwalk, Connecticut. On May 2, 2005, Plaintiffs filed a two-count Complaint alleging negligence on behalf of Defendants in the Superior Court of Connecticut. Defendants filed a Petition for Removal dated June 2, 2005 and the case was subsequently removed to this court.

On August 30, 2005, Plaintiffs filed an Amended Complaint to reflect that Buchanan Marine L.P. is a limited partnership organized and existing under the laws of the State of Delaware.[1] The rest of the allegations in the Amended Complaint remained identical to the allegations contained in the original Complaint. Defendants filed an Answer and Special Defense to the Amended Complaint and a Counterclaim against Plaintiffs on August 31, 2005. Defendants' Counterclaim alleged that Plaintiffs were negligent in failing to maintain the Walk Bridge and its appurtenances. Plaintiffs filed an Answer and Affirmative Defenses to Defendants' Counterclaim on September 30, 2005.

On June 6, 2006, Plaintiffs moved for leave to file a Second Amended Complaint, which was granted on July 31, 2006. Defendants filed an Answer and Special Defense to the Plaintiff's Second Amended Complaint and an Amended Counterclaim against Plaintiffs on August 10, 2006. The Amended Counterclaim adds allegations of recklessness and public nuisance.

### II. STANDARD OF REVIEW

### III. DISCUSSION

**A. Plaintiffs' Motion to Strike Counts Two and Three of Defendants' Amended Counterclaim**
In their Amended Counterclaim, filed in response to Plaintiff's Second Amended Complaint, Defendants add two new counts, one alleging reckless and the other alleging public nuisance. Plaintiffs move to strike counts two and three of Defendants' Amended Counterclaim, contending that Defendants have improperly filed an Amended Counterclaim without seeking leave of court pursuant to Federal Rule of Civil Procedure 15(a). Plaintiffs argue that they will be prejudiced by the new counterclaims, in that the new counts expand the scope of the case and theories of recovery pursued by Defendants.

Plaintiffs' Second Amended Complaint increased the scope of the case and added a new theory of liability. The

WestlawNext © 2013 Thomson Reuters. No claim to original U.S. Government Works.                                        1

Second Amended Complaint added new allegations to Counts One and Two that allege two additional statutory violations, i.e., that Defendants "failed to use all available means appropriate to determine if a risk of allision with the Walk Bridge and its fender system existed in violation of 33 U.S.C.A. § 2008, the 'Risk of Collision' Rule (Rule 7)," (Second Amended Complaint ¶ 10(c)), and that Defendants "failed to take action to avoid the allision with the Walk Bridge and its fender system on April 11, 2004, in violation of 33 U.S.C.A. § 2008, the 'Action to Avoid Collision' Rule (Rule 8)," (id. ¶ 10(d)).[2] These same allegations are made in paragraphs 36(c) and 36(d) of the additional Counts Three and Four. Moreover, Counts Three and Four allege a second allision to the fender system.[3]

*2 Federal Rule of Civil Procedure 15(a) provides that "[a] party shall plead *in response* to an amended pleading ... within 10 days after service of the amended pleading ... unless the court otherwise orders." FED. R. CIV. P. 15(a) (emphasis added). In their Motion to Strike, Plaintiffs raise the issue of the permissible scope of a response to an amended complaint under this rule. In *Uniroyal Chem. Co. v. Syngenta Crop Prot., Inc.*, No. 3:02CV02253 (AHN), 2005 U.S. Dist. LEXIS 4545, *3-8 (D.Conn. Mar. 23, 2005), the court adopted a "moderate approach" in analyzing the permissible scope of a response to an amended complaint under Rule 15(a). Courts following the moderate approach proceed under the assumption that "what is good for the goose is good for the gander," and permit a defendant to make major changes to a response if major changes are made to a complaint. *Uniroyal Chem. Co.*, 2005 U.S. Dist. LEXIS 4545, at *5 (citing *Pereira v. Cogan,* No. 00 Civ. 619(RWS), 2002 U.S. Dist. LEXIS 14581, *4, 2002 WL 1822928 (S.D.N.Y. Aug. 7, 2002) ("If the plaintiff expands its case by adding new theories or claims, it cannot complain if the defendant seeks to do the same by averring new counterclaims.")). Like the court in *Uniroyal Chem. Co.,* this Court holds that when a plaintiff has filed an "amended complaint that changes the theory or scope of the case," a defendant need not seek leave to amend its response pursuant to Rule 15(a), but may respond "by adding counterclaims that similarly change the theory or scope of the case." 2005 U.S. Dist. LEXIS 4545, at *5. In the instant case, Plaintiff added two new allegations of additional statutory violations in its Second Amended Complaint and added two new counts alleging a second allision. These additions were not insignificant. They expanded the scope of the case and necessitated additional time for discovery. In the interest of fairness, Defendant will be permitted to amend its counterclaims by adding the two new counts, which conform to the evidence in the original Counterclaim and add only an allegation that Plaintiffs acted or failed to act intentionally. Accordingly, Plaintiffs' Motion to Strike is denied.

**B. Defendant's Motion to Strike Plaintiffs' Affirmative Defenses**
Defendant Buchanan Marine moves to strike Plaintiffs' first, second and third affirmative defenses to Defendants' Amended First Counterclaim on the ground that all three are legally insufficient and should be stricken as such. Defendants' Amended First Counterclaim alleges negligence by Plaintiffs and provides in relevant part:

> 5. On or about April 11, 2004, at approximately 2:40 a.m., the Buchanan 3, operated by Olson, was pushing two loaded scows in a northerly direction on the Norwalk River in Norwalk, Connecticut.
>
> 6. At said time and place, one of the scows which the Buchanan 3 was pushing made minor contact with the west fender system of the Walk Bridge as it navigated the west channel of the Norwalk River under the Walk Bridge. Instead of deflecting the scow as it should have, the fender system essentially collapsed.
>
> *3 7. As a result of the defective condition of the west fender system and its failure to perform its intended use, marine traffic was restricted through the channel for several months, causing counterclaim plaintiff financial harm by decreasing the amount of stone it could deliver at one time and thus, increasing the delivery costs.
>
> ....
>
> 9. The aforementioned damages were caused by the carelessness and negligence of the counterclaim defendants, in that they:
>
> (a) failed to properly maintain the west fender system;
>
> (b) failed to ensure that the fender system was capable of performing its intended use, including but not limited to deflecting the scow into the navigable channel;
>
> (c) failed to maintain the west fender system in compliance with the permit authorizing the fender

system;

(d) failed to install a structure that was properly engineered, or engineered at all;

(e) violated 33 U.S.C. § 502(b) by reason of their failure to keep the west fender system in proper repair; and

(f) violated 33 C.F.R. 118.70 by failing to maintain minimum lighting requirements for the bridge structures.

(Am. Counterclaim, First Count, ¶¶ 5-7, 9.) Plaintiffs raised four affirmative defenses to Defendants' Amended First Counterclaim. The first, second and third affirmative defenses, challenged here, allege that: (1) "The defendants' counterclaim is barred by the statute of limitations;" (2) "The defendants have failed to state a claim upon which relief can be granted;" and (3) "The defendants' counterclaim as to the State of Connecticut is barred by Sovereign Immunity." Plaintiffs concede that their first affirmative defense is legally insufficient and therefore, it will be stricken. Plaintiffs argue that their second and third affirmative defenses are legally sufficient and should stand.

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party ... within 20 days after the service of the pleading upon the party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A defense that would not, under the facts alleged, constitute a valid defense to the action can and should be deleted. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1381, 665 (2d ed.1990). Motions to strike an affirmative defense are generally disfavored, and if there are questions of fact or disputed questions of law, the motion should be denied. *See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 938-39 (2d Cir.1984), *vacated on other grounds*, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986). Generally, to prevail on a motion to strike an affirmative defense, Plaintiffs must establish that: (1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3) they would be prejudiced by the inclusion of the defense. *Kilkenny v. Greenberg Traurig, LLP*, No. 05 Civ. 6578(NRB), 2006 U.S. Dist. LEXIS 23399 (S.D.N.Y. Apr. 26, 2006); *De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate, Inc.*, No. 04 Civ. 4099(DLC), 2005 U.S. Dist. LEXIS 9307, 2005 WL 1164073, at *3 (S.D.N.Y. May 18, 2005) (*quoting SEC v. KPMG LLP*, No. 03 Civ. 671(DLC), 2003 U.S. Dist. LEXIS 14301, 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003)); *see also Envicon Equities Corp.*, 744 F.2d at 939; *S.E.C. v. Lorin*, 869 F.Supp. 1117, 1120 (S.D.N.Y.1994).

*4 It is generally held that "an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, so long as it gives the plaintiff fair notice of the nature of the defense." *See Ryder ex. rel. SV v. Chestnut*, No. 1:05-CV-50, 2005 U.S. Dist. LEXIS 28518, *7 (D.Vt. Nov. 4, 2005) (*citing* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.2004)). "The function of Rule 12(f) is to expedite the administration of justice, and pursuant thereto a court will delete allegations that are not responsive, but an entire defense should not be eliminated unless it grossly violates the requirements of Rule 8 relating to the general rules of pleading." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.2004) (*citing American Mach. & Metals, Inc. v. De Bothezat Impeller Co.*, 8 F.R.D. 306 (S.D.N.Y.1948), *aff'd*, 180 F.2d 342 (2d Cir.), *cert. denied*, 339 U.S. 979, 70 S.Ct. 1025, 94 L.Ed. 1383 (1950)).

### A. Second Affirmative Defense: Failure to State a Claim

Defendant argues that the Second Affirmative Defense is insufficient, in that it fails to provide sufficient notice of the defense being raised. It is generally held, however, that "[i]ncluding an affirmative defense of failure-to-state-a-claim in an answer is a routine practice which is rarely, if ever, stricken by the court as legally insufficient." *New York v. Almy Bros.*, 971 F.Supp. 69, 72 (N.D.N.Y.1997) (*citing S.E.C. v. Toomey*, 866 F.Supp. 719, 723 (S.D.N.Y.1992)). Other courts within this circuit have "found that the failure-to-state-a-claim defense is 'invulnerable as against the [12(f)] motion.' " *Id.* (*quoting Toomey*, 866 F.Supp. at 723). In *Toomey*, the court held that it is appropriate for a party to use the language of Rule 12(b)(6) in its defensive pleadings, noting that this "language can be used in either a motion to dismiss or an affirmative defense 'at the option of the pleader.' " 866 F.Supp. at 723 (*quoting* 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1349, at 190 (2d ed.1990)).

It appears to be well settled within the Second Circuit that

a party may include a failure-to-state-a-claim affirmative defense in its answer. *Toomey,* 866 F.Supp. at 723; *see also Almy Bros.,* 971 F.Supp. at 72; *Rosenblatt v. United Air Lines,* 21 F.R.D. 110, 111 (S.D.N.Y.1957). Moreover, the defense is not void of legal merit and it does not appear that Defendants will be prejudiced by the inclusion of the defense. Accordingly, Plaintiffs' Second Affirmative Defense will not be stricken.

**B. Third Affirmative Defense: Sovereign Immunity**

Defendant argues that "[t]here are no questions of law or fact that might allow the state's defense of 'Sovereign Immunity' to succeed." (Def.'s Mem. Supp. Mot. Strike 6.) The Connecticut Supreme Court has "long recognized the common-law principle that the state cannot be sued without its consent." *Bloom v. Gershon,* 271 Conn. 96, 107-08, 856 A.2d 335 (2004). "The bar of actions against the state is not absolute, however, and has been modified by both statutes and judicial decisions." *Herzig v. Horrigan,* 34 Conn.App. 816, 819, 644 A.2d 360 (1994). One of the exceptions to the doctrine of sovereign immunity in Connecticut includes counterclaims filed in response to an action filed by the state. The Connecticut Supreme Court has held that when a state brings a suit against a party, it "open[s] the door to any defense or cross-complaint germane to the matter in controversy." *State v. Kilburn,* 81 Conn. 9, 12, 69 A. 1028 (1908); *see also Reilly v. State,* 119 Conn. 217, 219, 175 A. 582 (1934) ("if the State itself invokes the jurisdiction of the court to secure affirmative relief, it subjects itself to any proper cross demand involved in the subject-matter of the action"), *rev'd on other grounds,* 194 Conn. 43, 478 A.2d 601 (1984).

**\*5** There exists here both a question of fact and a question of law. It is clear that when a state brings a suit against another party, it waives sovereign immunity only to matters which are "germane to the matter in controversy" or "involved in the subject-matter of the [state's] action." *Kilburn,* 81 Conn. at 12; *Reilly,* 119 Conn. at 219. As evidenced by the parties' briefs on the issue, there is a question of law as to how germane or how closely related the counterclaim must be. Moreover, there is a question of fact as to whether Defendants' counterclaims are sufficiently "germane" to the original action. Accordingly, it is improper to strike Plaintiffs' Third Affirmative Defense at this stage of the litigation, and Defendants' motion to do so will be denied.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Strike [Doc. No. 85] is **denied** and Defendant's Motion to Strike [Doc. No. 91] is **granted in part** and **denied in part**. Plaintiffs' First Affirmative Defense is hereby stricken, however, Plaintiffs' Second and Third Affirmative Defenses will stand.

SO ORDERED.

Footnotes

1. The original Complaint incorrectly alleged that Buchanan Marine L.P. is a limited partnership organized and existing under the laws of the State of New York.

2. As found in the Ruling on Motion to Amend, the new allegations of additional statutory violations permit Plaintiff to invoke the "Rule of the Pennsylvania," which operates to shift the burdens of proof and persuasion with regard to causation to the party who violated a legislative mandate. See Ruling on Mot. Amend 8, July 31, 2006, Doc. No. 71 (citing *United States v. Nassau Marine Corp.,* 778 F.2d 1111, 1116 (5th Cir.1985); *Orange Beach Water, Sewer & Fire Protection Authority v. M/V Alva,* 680 F.2d 1374, 1381 (11th Cir.1982)).

3. Contrary to Defendants' argument, Counts Three and Four do not allege an intentional allision. Like Counts One and Two, Counts Three and Four allege a negligence cause of action.

MTA Metro-North Railroad v. Buchanan Marine, L.P., Not Reported in F.Supp.2d (2006)