**EXHIBIT B**



21 of 35 DOCUMENTS

THE DIME SAVINGS BANK OF N.Y. v. ROCCO S. PIGNATARO, SR., ET AL

No. CV 91 0118980

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF
STAMFORD - NORWALK, AT STAMFORD

*1992 Conn. Super. LEXIS 3633*

December 28, 1992, Decided
December 30, 1992, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**JUDGES:** NIGRO

**OPINION BY:** NIGRO

**OPINION**

*MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE*

The plaintiff has moved to strike the defendants' special defense, which states:

> Rocco S. Pignataro and Ann Pignataro (hereinafter "Pignataros") have exercised their right of recission pursuant to [15] U.S.C. *Sec. 1601, et seq.*; *12 C.F.R. 226.1, et seq.*, and *C.G.S. Sec. 36-393 et seq.* Said mortgage is not a valid lien on the premises, and no interest or other finance charges are now due to the plaintiff.

The plaintiff claims that the defense is barred by the special statute of limitations under the Consumer Credit Protection Act (*15 U.S.C. 1601, et seq.*). Particularly, Sec. *15 U.S.C. 1635 (f)*, which indicates that: "An obligor's right of recision shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the facts that the information and forms required under this section [*2] or any other disclosure required under this Chapter have not been delivered to the obligor. . . ." *12 C.F.R. 226.15 (a)(3)* also has a similar limitation on any action.

The mortgage loan was consummated on August 19, 1986, more than six years before the pleaded recission.

The defendants claim in their brief that the special defense is meant to be a set-off or recoupment and is therefore not limited by the three year statute of frauds applicable under the truth in lending statutes.

The court is not certain that, if the claim of the defendants were described as a set-off, the assertion would be valid and the special defense as pleaded would pass muster, since a set-off requires that there be mutual debts and that the claim arise from a debt due by the plaintiff, which debt must be affirmatively and adequately alleged: *Elis v. Rogers, 15 Conn.App. 362, 365, 544 A.2d 663 (1988)*.

However, "recoupment means 'keeping back something which is due, because there is an equitable reason to withhold it.' Black's Law Dictionary (5th Ed. 1979). The defense of recoupment has two characteristics: (1) the defense arises out of the transaction constituting [*3] the plaintiff's cause of action; and (2) it is purely defensive, used to diminish or defeat the plaintiff's cause, but not as the basis for an affirmative recovery. Id. . . . Recoupment is available defensively as long as the plaintiff's cause of action exists. It may be asserted, even though the defendant's claim, as an independent suit, is barred by the statute of limitations. [Citations omitted]." *Genovese v. J.N. Clapp Co., 4 Conn.App. 443, 445-6, 495 A.2d 1079 (1985)*.

The defendants have called this court's attention to Section 130(e) of the federal Consumer Credit Protection Act which is concerned with a one-year time limitation on actions under the Act. It reads in part, that: "This subsection does not bar a person from asserting a violation of this *title* (emphasis supplied) in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set off in such action, except as otherwise provided by State Law." See, also General Statutes Section 36-407(e). The three year limitation on recission is found in the same title at section [*4] 125(f). See also, General Statutes Section 36-407 (j)(3).

One might assume that there is no statute of limitations bar, either under the one year or three year statute of limitations, to asserting a defense by way of recoupment or set off under the controlling federal or tracking state acts.

The defendants however, despite the claim in their brief, have pleaded and alleged a recission, rather than clearly claiming a set-off or more likely a recoupment because of violations of the Act. Since the claimed recission of the mortgage is more than three years after the claimed violations, the motion to strike the special defense of recission, as presently pleaded, is granted.

NIGRO, J.