**EXHIBIT C**



22 of 35 DOCUMENTS

FRANK PELLEGRINO v. FRANK WIRTH

No. 30 68 07

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF NEW HAVEN

1992 Conn. Super. LEXIS 655

March 5, 1992, Decided
March 5, 1992, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**JUDGES:** William L. Hadden, Jr.

**OPINION BY:** WILLIAM L. HADDEN, JR.

**OPINION**

*MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE THE COUNTERCLAIM*

On or about September 21, 1990, the plaintiff, Frank Pellegrino, brought an action against the defendant, Frank Wirth, for the collection of a $ 30,000.00 promissory note. On or about August 6, 1991, the defendant filed an answer which included three special defenses and a five count counterclaim.

The defendant alleges in his first special defense that any sums allegedly owed to the plaintiff have been set off by capital contributions made towards the promotion of a joint venture between the parties, namely, a legal Connecticut corporation known as Auto-Wirth, Inc. The defendant's second special defense states that the note is unenforceable due to fraud in the inducement. The third special defense states that the plaintiff indicated to a third party that the note was null and void and that the instant action is frivolous and vexatious. The defendant's counterclaim sets forth five counts sounding [*2] in setoff of a mutual debt, unjust enrichment, fraudulent misrepresentation, CUTPA, and vexatious suit, respectively.

In response to the defendant's counterclaim, the plaintiff filed a motion to strike and raised the following five grounds therein. The first ground is that each count of the counterclaim should be stricken because of the absence of an indispensable party, namely Auto-Wirth, Inc. Second, the plaintiff argues that counts one through five should be stricken because the defendant has alleged in each count an impermissible setoff. Third, the plaintiff argues that counts one through five of the counterclaim should be stricken because each claim is barred by the relevant statute of limitations. Fourth, the plaintiff argues with respect to counts one through five that the defendant has not alleged sufficient facts which would allow the defendant to pierce the corporate veil and hold the plaintiff personally liable for the debts of the corporation. Lastly, the plaintiff argues that counts three, four and five each fail to state claims upon which relief can be granted.

"The function of a motion to strike is to challenge the

legal sufficiency of the allegations as set [*3] forth in the pleadings." *Ferryman v. Groton,* 212 Conn. 138, 142, 561 A.2d 432 (1989). "In deciding on a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the [pleading], and cannot be aided by the assumption of any facts not therein alleged." *Liljedahl Bros., Inc. v. Grigsby,* 215 Conn. 345, 348, 576 A.2d 149 (1990). The court must construe the facts in the [pleading] in the manner most favorable to the nonmoving party. *Rowe v. Godou,* 209 Conn. 273, 278, 550 A.2d 1073 (1988).

The plaintiff first argues that the defendant's entire counterclaim should be stricken due to the defendant's failure to name Auto-Wirth as a party to the present action. The plaintiff contends that because Auto-Wirth has not been named as a party, the court cannot finally adjudicate the controversy at hand. The defendant argues that because Auto-Wirth is no longer in existence, it is not an indispensable party and the court can proceed to judgment.

The exclusive remedy for nonjoinder of parties, including indispensable parties, is by the motion to strike. *George v. St. Ann's Church,* 182 Conn. 322, 325, 207 A.2d 550 (1980). [*4] Further, "[a] motion to strike on the ground of the nonjoinder of a necessary party must give the *name and residence* of the missing party or such information as the moving party has as to his *identity and residence* and must state his interest in the cause of action." *Id.,* Practice Book § 152. (Emphasis added).

In the instant matter, the plaintiff claims in his motion affirmatively and adequately alleging such a claim in the pleadings." *Elis v. Rogers,* 15 Conn. App. 362, 365, 544 A.2d 663 (1988); *Colonial Bank & Trust Co. v. Matoff,* 18 Conn. App. 20, 29, 566 A.2d 619, 623 (1989).

In the instant case, plaintiff's claim is based on the breach of the terms of a note between himself and defendant. Although defendant has affirmatively pled that the debt allegedly owed plaintiff has been set off, as required by Practice Book § 168; see Defendant's First Special Defense; the defendant has failed to allege in count one an ascertainable or liquidated debt.

A debt is "liquidated" when "it is certain what is due and how much is due." Black's Law Dictionary (5th Ed.). In count one of the counterclaim, defendant [*5] alleges that his damages were an amount "in excess of $ 55,000.00, exclusive of interest and costs, plus emotional distress." The damages alleged in count one do not set forth a "certain" or ascertainable sum, and therefore, the motion to strike count one of the counterclaim is granted on the ground that it alleges an impermissible setoff. Counts two through five do not allege a setoff and the motion to strike these counts on the same ground is denied.

The third claim urged by the plaintiff is that because all five counts of defendant's counterclaim allegedly arose out of transactions which took place more than six and one-half years ago, each count is barred by the respective statute of limitations.

Generally, the statute of limitations may not be raised by a motion to strike, but must be specially pleaded. *Travelers Indemnity Co. v. Robin,* 209 Conn. 437, 446, 551 A.2d 1220 (1988); *Bowrys v. Santanella,* 39 Conn. Sup. 102, 106, 470 A.2d 1245 (1983); Practice Book § 164. In this way the limitation acts as a bar to a remedy otherwise available. *Id.*

However, when a statute establishing the remedy sought by the [*6] claimant contains a statute of limitations, the complaint is susceptible to a motion to strike. *Guaranty v. Kaminsky,* 33 Conn. Sup. 512, 514, 356 A.2d 909 (1976). After the plaintiff has framed such a complaint, it is permissible for the defendant to raise the question of law by a motion to strike the complaint. *Id.* 514-15. The statute of limitations issue may also properly be raised by a motion to strike when the parties agree that the complaint contains all the pertinent facts, or when the plaintiff anticipates the statute of limitations and endeavors to overcome its effect by appropriate allegations in the complaint. *Morrisette v. Archambault,* 31 Conn. Sup. 302, 303, 329 A.2d 622 (Super. Ct. 1974); see also *Vincinskas v. Sears, Roebuck & Co.,* 144 Conn. 170, 174, 127 A.2d 814 (1956).

In the instant matter the facts alleged on the face of the counterclaim do not give rise to any of the above stated exceptions and the defendant's counterclaim is silent regarding the time frame in which plaintiff's alleged conduct occurred. Therefore any alleged statute [*7] of limitations violation should be pleaded as a special defense. *Travelers, supra.*

Accordingly, the plaintiff's motion to strike counts one through five on the ground that they are barred by the statute of limitations is denied.

The fourth claim made by the plaintiff is that none of the five counts of the counterclaim states a claim which would permit the defendant to pierce the corporate veil and impose liability upon the plaintiff.

In paragraphs 1 and 2 of each count the defendant alleges that "the Plaintiff and Defendant entered into a Joint Venture for the promotion of a legal Connecticut Corporation known as Auto-Wirth, Inc." and that "the Plaintiff and Defendant, as joint venturers, formed a legal Connecticut Corporation known as Auto-Wirth, Inc." Although defendant has acknowledged the existence of Auto-Wirth in the counterclaim, each count is based on the breach of an alleged joint venture agreement between the individual parties in forming said corporation. Since the defendant does not seek redress for plaintiff's actions as an alter ego of Auto-Wirth, but rather seeks relief for plaintiff's actions with respect to the alleged agreement, [*8] and for other alleged improper actions, the ground relied upon by the plaintiff is unavailing.

Accordingly, the plaintiff's motion to strike based on the ground that the counterclaim fails to state a proper claim as to pierce the corporate veil is denied.

The final claim made by the plaintiff is that counts three, four and five of the counterclaim should each be stricken because none of them alleges a proper cause of action.

The third count alleges a cause of action based on fraud. In order to state a cause of action for common law fraud or misrepresentation, a claimant must allege "that a false representation was made as a statement of fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it; and that he did so to his injury." *Web Press Services Corporation v. New London Motors, Inc.*, 203 Conn. 342, 362, 525 A.2d 57 (1987).

In count three of the counterclaim, defendant alleges in P6 that "the Plaintiff knew of . . . [defendant's dyslexic] disorder, took advantage of this disorder, made fraudulent representations to the Defendant, upon which the Defendant relied to his detriment." [*9] Defendant has not alleged in count three any other facts supporting these allegations. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." *Mora v. Aetna Life & Casualty Ins. Co.*, 13 Conn. App. 208, 211, 535 A.2d 390 (1988).

Accordingly, count three of the counterclaim is stricken because it fails to allege facts sufficient to state a cause of action for fraudulent misrepresentation.

The fourth count purports to allege a claim based on violations of the Connecticut Unfair Trade Practices Act, General Statutes +/-42-110b CUTPA.

The plaintiff argues that the court should strike the defendant's CUTPA claim because the defendant has failed to allege that the plaintiff was engaged in a trade or commerce, or acted in an unfair or deceptive manner in that trade, or that the aggrieved party suffered an ascertainable and substantial economic loss.

*General Statutes § 42-110b(a)* of CUTPA provides that no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any *trade or commerce*." (Emphasis added). Trade and commerce "means the [*10] advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." *General Statutes § 42-110a(4)*.

In determining whehter a practice violates CUTPA, the court uses the following criteria:

> (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].

*Daddona v. Liberty Mobile Home Sales, Inc.*, 209 Conn. 243, 254, 550 A.2d 1061 (1988) (citations omitted). "Thus, a violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy." *Id.* (citations omitted).

In this case the defendant [*11] has failed to allege in count four any facts which would support a claim in

violation of CUTPA.

Accordingly, the plaintiff's motion to strike count four of the counterclaim on the ground that the defendant has failed to state a legally sufficient CUTPA claim is granted.

The fifth count of the counterclaim appears to be a claim based on alleged vexatious litigation. The plaintiff argues that the defendant's vexatious suit claim should be stricken because the defendant failed to allege that a prior suit terminated in his favor.

"[A] claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor." *Blake v. Levy, 191 Conn. 257, 263, 464 A.2d 52 (1983)*. In the fifth count the defendant has failed to allege that a previous lawsuit by the plaintiff against him terminated in his favor. Thus, it is clear that the defendant has failed to state a legally sufficient vexatious suit claim and the motion to strike count five of the counterclaim is granted.

Accordingly, for the reasons set forth above, the plaintiff's motion to strike counts one, [*12] three, four and five of the counterclaim is granted. The motion to strike the second count of the counterclaim is denied.

William L. Hadden, Jr., Judge